IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-06029

FLORIDA BAR NO.: 291791

00 JAN -7 PM 3: 34

CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

**CIV - FERGUSON**

MAGISTRATE JUDGE
SNOW

**JOAN REICH-ANCELL AND
LEE ANCELL,** her husband,

Plaintiffs,

vs.

**GENERAL MOTORS CORPORATION,**
a Delaware corporation,

Defendants.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, **JOAN REICH-ANCELL AND LEE ANCELL,** her husband, sue Defendant, **GENERAL MOTORS CORPORATION** (hereinafter called **GM**), and allege:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for damages that exceed Fifty Thousand Dollars ($50,000.00). exclusive of interest and costs.

2. Plaintiffs are residents of Broward County, Florida. Defendant, **GM, is** a corporation incorporated under the laws of the State of Delaware having its principal place of business in Michigan.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue lies in this Court, pursuant to 28 U.S.C. § 1391(a).

### GENERAL ALLEGATIONS

4. At all times material hereto, Defendant, **GM** was doing business in the State of Florida, and elsewhere, in the business of designing, manufacturing, assembling, inspecting and selling motor vehicles.

5. At all times material to this action, Plaintiff, **LEE ANCELL**, was and is the lawful spouse of Plaintiff, **JOAN REICH-ANCELL.**

6. Prior to April 3, 1999, the Defendant, **GM**, designed, assembled and placed upon the market the 1991 Caprice Chevrolet, which is the vehicle in question.

7. The vehicle in question, including its airbag restraint system, were assembled by **GM** in the ordinary course of commerce and trade for the use of such foreseeable users as **JOAN REICH-ANCELL.**

8. On or about April 3, 1999, the 1991 Caprice Chevrolet was struck by a moving vehicle driven by **KIRK RAO**. As a result of the impact, the airbag restraint system exploded throwing burning chemicals on Plaintiff, **JOAN REICH-ANCELL,** all of which resulted in serious injury to the Plaintiff, **JOAN REICH-ANCELL.**

## COUNT I
## STRICT LIABILITY

Plaintiffs reallege all prior paragraphs and further allege:

9. Prior to April 3, 1999, Defendant, **GM**, was engaged in the business of providing Chevrolet Caprice automobiles, inherently dangerous products, for sale and/or use in Florida. In the course of its routine business activities, Defendant, **GM**, placed Chevrolet Caprices in the stream of commerce in the United States for use by persons such as **JOAN REICH-ANCELL AND LEE ANCELL.**

10. Plaintiff's 1991 Chevrolet Caprice was defective and unreasonable dangerous to users such as Plaintiff, **JOAN REICH-ANCELL,** by reason of defects in design or manufacture in restraint system, which system failed to work properly in that the airbag unreasonably exploded when the vehicle sustained an impact to the front end.

11. Defendant, **GM**, expected the 1991 Chevrolet Caprice in question to reach **JOAN REICH-ANCELL AND LEE ANCELL,** without substantial change in condition. The Caprice did,

in fact, reach Plaintiffs without substantial change in the unreasonably dangerous condition of the Caprice which existed when the Caprice left Defendant, **GM**'s, possession, custody and/or control.

12. The Plaintiffs, **JOAN REICH-ANCELL AND LEE ANCELL,** were unaware of any defect in the 1991 Chevrolet Caprice which made it unsafe for its intended use.

13. As a direct and proximate result of the strict liability resulting from the sale of the defective vehicle by the Defendant, **GM**, Plaintiff, **JOAN REICH-ANCELL AND LEE ANCELL,** suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. The losses are permanent and continuing in nature and will continue to suffer the losses in the future. As a further result of the injuries to Plaintiff, **JOAN REICH-ANCELL,** Plaintiff, **LEE ANCELL,** suffered the loss of the comfort, services, society and attention of his spouse and will continue to sustain this loss.

**WHEREFORE,** the Plaintiffs, **JOAN REICH-ANCELL AND LEE ANCELL**, demand judgment against Defendant, **GM**, for compensatory damages, costs and such other and further relief as this Court deems just and proper, and requests a trial by jury.

## COUNT II
## NEGLIGENCE

Plaintiffs reallege paragraphs 1 through 8 and further allege:

14. At all relevant times, Defendant, **GM**, had a duty of care to the Plaintiffs in regard to designing, manufacturing, assembling, inspecting and selling a car which were not defective.

15. Defendant, **GM**, by its agents, servants and/or employees, breached its duty of due care to the Plaintiffs through the following acts or omissions:

    a. Failing to inspect and modify the 1991 Chevrolet Caprice so as to the prevent

   the restraint airbag system from unreasonably exploding upon impact;

b. Failing to adequately test the 1991 Chevrolet Caprice by conducting the proper tests on the restraint airbag system similar to the conditions prevailing at the time and place of the subject accident;

c. Failing to design the 1991 Chevrolet Caprice with an adequate restraint system which employed technology then in existence, to wit, an airbag that would not explode upon impact.

16. As a direct and proximate result of the negligent conduct of Defendant, **GM**, Plaintiff, **JOAN REICH-ANCELL,** suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. The losses are permanent and continuing in nature and will continue to suffer the losses in the future. As a further result of the injuries to Plaintiff, **JOAN REICH-ANCELL,** Plaintiff, **LEE ANCELL,** suffered the loss of the comfort, services, society and attention of his spouse and will continue to sustain this loss.

**WHEREFORE,** the Plaintiffs, **JOAN REICH-ANCELL AND LEE ANCELL,** demand judgment against Defendant, **GM**, for compensatory damages, costs and such other and further relief as this Court deems just and proper, and requests a trial by jury.

## COUNT III
## BREACH OF IMPLIED WARRANTY

Plaintiffs reallege paragraphs 1 through 8 and further allege:

17. In selling the 1991 Chevrolet Caprice, the Defendant, **GM**, impliedly warranted that the car was reasonably fit for its intended purpose as a passenger vehicle and that the structure and components of the vehicle were reasonably fit for their intended purposes, namely that restraint airbag system was capable of properly deploying in the event of a foreseeable front end collision and that the restraint system would reasonably protect the occupants of the vehicle in the event of a front end collision and not explode, burning its occupants.

-4-

18.  Plaintiffs, **JOAN REICH-ANCELL AND LEE ANCELL,** as users of the 1991 Chevrolet Caprice relied upon these warranties.

19.  Defendant, **GM**, breached its warranties in that the 1991 Chevrolet Caprice, as sold for use by the **ANCELLS,** was not reasonably fit for its intended use in that the restraint airbag system was defective, dangerous and unsafe and/or malfunctioned, and that said restraint system failed to provide a reasonable means of protection during the front end collision that occurred while Plaintiff, **JOAN REICH-ANCELL**, was driving as a passenger in that vehicle on a United States highway, at Weston Road and North New River Circle, Weston, Florida.

20.  As a direct and proximate result of the breach of implied warranty resulting from sale of defective vehicle by Defendant, **GM**, Plaintiff, **JOAN REICH-ANCELL**, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. The losses are permanent, continuing in nature and will continue to suffer the losses in the future. As a further result of injuries to Plaintiff, **JOAN REICH-ANCELL,** Plaintiff, **LEE ANCELL,** suffered the loss of the comfort, services, society and attention of his spouse and will continue to sustain this loss.

**WHEREFORE,** Plaintiffs demands judgment against Defendant, for compensatory damages, costs, and such other and further relief as this Court deems just and proper, and requests a trial by jury.

DATED: January 5, 2000

MARK P. BOCKSTEIN, ESQ.
Attorney for Plaintiffs
8751 West Broward Blvd.    Suite 305
Plantation, FL  33324
(954) 370-3862

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
JOAN REICH-ANCELL AND LEE ANCELL, her husband

**DEFENDANTS**
GENERAL MOTORS CORPORATION, a Delaware corporation

00 JAN -7 PM 3:31
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
MARK P. BOCKSTEIN, ESQ.
8751 West Broward Blvd. #305    370-3862
Plantation, FL 33324

ATTORNEYS (IF KNOWN)

00-06029
CIV-FERGUSON
MAGISTRATE JUDGE
SNOW

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**I. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☒ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. 1332

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 50,000.00 IN EXCESS

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 1-7-99

SIGNATURE OF ATTORNEY OF RECORD
Mark P. Bockstein

**FOR OFFICE USE ONLY**
RECEIPT # 518255   AMOUNT 150.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____