

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-06029 CIV-FERGUSON
MAGISTRATE JUDGE SNOW
FLORIDA BAR NO.: 291791

**JOAN REICH-ANCELL AND
LEE ANCELL,** her husband,

               Plaintiffs,

vs.

**GENERAL MOTORS CORPORATION,**
a Delaware corporation,

               Defendants.
_____/



### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, **JOAN REICH-ANCELL AND LEE ANCELL,** her husband, sue Defendant, **GENERAL MOTORS CORPORATION** (hereinafter called **GM)**, and allege:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for damages that exceed Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. Plaintiffs are residents of Broward County, Florida. Defendant, **GM,** is a corporation incorporated under the laws of the State of Delaware having its principal place of business in Michigan.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue lies in this Court, pursuant to 28 U.S.C. § 1391(a).

### GENERAL ALLEGATIONS

4. At all times material hereto, Defendant, **GM** was doing business in the State of Florida, and elsewhere, in the business of designing, manufacturing, assembling, inspecting and selling motor vehicles.

5. At all times material to this action, Plaintiff, **LEE ANCELL**, was and is the lawful spouse of Plaintiff, **JOAN REICH-ANCELL.**

6. Prior to April 3, 1999, the Defendant, **GM**, designed, assembled and placed upon the market the 1991 Caprice Chevrolet, which is the vehicle in question.

7. The vehicle in question, including its airbag restraint system, were assembled by **GM** in the ordinary course of commerce and trade for the use of such foreseeable users as **JOAN REICH-ANCELL.**

8. On or about April 3, 1999, the 1991 Caprice Chevrolet was struck by a moving vehicle driven by **KIRK RAO**. As a result of the impact, the airbag restraint system exploded throwing burning chemicals on Plaintiff, **JOAN REICH-ANCELL,** all of which resulted in serious injury to the Plaintiff, **JOAN REICH-ANCELL.**

## COUNT I
## STRICT LIABILITY

Plaintiffs reallege all prior paragraphs and further allege:

9. Prior to April 3, 1999, Defendant, **GM**, was engaged in the business of providing Chevrolet Caprice automobiles, inherently dangerous products, for sale and/or use in Florida. In the course of its routine business activities, Defendant, **GM**, placed Chevrolet Caprices in the stream of commerce in the United States for use by persons such as **JOAN REICH-ANCELL AND LEE ANCELL.**

10. Plaintiff's 1991 Chevrolet Caprice was defective and unreasonable dangerous to users such as Plaintiff, **JOAN REICH-ANCELL,** by reason of defects in design or manufacture in restraint system, which system failed to work properly in that the airbag unreasonably exploded when the vehicle sustained an impact to the front end.

11. Defendant, **GM**, expected the 1991 Chevrolet Caprice in question to reach **JOAN REICH-ANCELL AND LEE ANCELL,** without substantial change in condition. The Caprice did,

in fact, reach Plaintiffs without substantial change in the unreasonably dangerous condition of the Caprice which existed when the Caprice left Defendant, **GM**'s, possession, custody and/or control.

12. The Plaintiffs, **JOAN REICH-ANCELL AND LEE ANCELL,** were unaware of any defect in the 1991 Chevrolet Caprice which made it unsafe for its intended use.

13. As a direct and proximate result of the strict liability resulting from the sale of the defective vehicle by the Defendant, **GM**, Plaintiff, **JOAN REICH-ANCELL AND LEE ANCELL,** suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. The losses are permanent and continuing in nature and will continue to suffer the losses in the future. As a further result of the injuries to Plaintiff, **JOAN REICH-ANCELL,** Plaintiff, **LEE ANCELL,** suffered the loss of the comfort, services, society and attention of his spouse and will continue to sustain this loss.

**WHEREFORE,** the Plaintiffs, **JOAN REICH-ANCELL AND LEE ANCELL,** demand judgment against Defendant, **GM**, for compensatory damages, costs and such other and further relief as this Court deems just and proper, and requests a trial by jury.

## COUNT II
## NEGLIGENCE

Plaintiffs reallege paragraphs 1 through 8 and further allege:

14. At all relevant times, Defendant, **GM**, had a duty of care to the Plaintiffs in regard to designing, manufacturing, assembling, inspecting and selling a car which were not defective.

15. Defendant, **GM**, by its agents, servants and/or employees, breached its duty of due care to the Plaintiffs through the following acts or omissions:

a. Failing to inspect and modify the 1991 Chevrolet Caprice so as to the prevent

the restraint airbag system from unreasonably exploding upon impact;

b. Failing to adequately test the 1991 Chevrolet Caprice by conducting the proper tests on the restraint airbag system similar to the conditions prevailing at the time and place of the subject accident;

c. Failing to design the 1991 Chevrolet Caprice with an adequate restraint system which employed technology then in existence, to wit, an airbag that would not explode upon impact.

16. As a direct and proximate result of the negligent conduct of Defendant, **GM**, Plaintiff, **JOAN REICH-ANCELL**, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. The losses are permanent and continuing in nature and will continue to suffer the losses in the future. As a further result of the injuries to Plaintiff, **JOAN REICH-ANCELL**, Plaintiff, **LEE ANCELL**, suffered the loss of the comfort, services, society and attention of his spouse and will continue to sustain this loss.

**WHEREFORE**, the Plaintiffs, **JOAN REICH-ANCELL AND LEE ANCELL**, demand judgment against Defendant, **GM**, for compensatory damages, costs and such other and further relief as this Court deems just and proper, and requests a trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 15, 2000, a true and correct copy of the foregoing was mailed to **ERNEST H. EUBANKS, JR.**, Rumberger, Kirk & Caldwell, PA, Attorney for Defendant, Signature Plaza, Suite 300, 201 South Orange Avenue (32801), P.O. Box 1873, Orlando, FL 32802-1873.

MARK P. BOCKSTEIN, ESQUIRE
Attorney for Plaintiff
8751 West Broward Blvd.
Suite 305
Plantation, FL 33324
(954) 370-3862