COPIES NOT PROVIDED

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **00-06029 CIV-FERGUSON**
MAGISTRATE JUDGE SNOW
FLORIDA BAR NO.: 291791

JOAN REICH-ANCELL AND
LEE ANCELL, her husband,

        Plaintiffs,

vs.

GENERAL MOTORS CORPORATION,
a Delaware corporation,

        Defendant.

_____/

JURY TRIAL DEMANDED

### GENERAL MOTORS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

General Motors Corporation hereby files this Answer and Affirmative Defenses in response to the Amended Complaint previously filed by the Plaintiffs herein and states as follows:

1. General Motors admits, for jurisdictional purposes only, that Plaintiffs claim damages in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of interest and costs.

2. General Motors admits that it is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Michigan.

3. General Motors admits, based on information and belief, that Plaintiffs are residents of the State of Florida.

4. General Motors admits that it designs in part, manufactures in part, assembles, inspects, and sells motor vehicles including 1991 Chevrolet Caprice automobiles.



5. General Motors admits, based on information and belief, that an automobile accident occurred on April 3, 1999.

6. General Motors denies severally each and every remaining material allegation of Plaintiffs' Amended Complaint not specifically admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Affirmatively, General Motors states:

7. The accident, injuries, and damages complained were proximately caused by the negligence of the Plaintiff, thereby barring or proportionately reducing Plaintiffs recovery against General Motors Corporation, if any.

8. The accident, injuries, and damages in question were proximately caused by the negligence of persons or entities other than General Motors Corporation. These persons or entities include, but are not limited to, the Plaintiff herself, Lee Ancell, and Kirk Rao.

9. The Plaintiff Joan Reich-Ancell was herself negligent in failing to properly utilize an available and operational seatbelt and/or safety restraint system provided for her use, and that the failure to do so was unreasonable under the circumstances and was the legal and or contributing cause of the damages being claimed herein. Accordingly, Plaintiff's damages should be reduced in accordance with her comparative negligence in failing to act reasonably by failing to properly utilize the available and operational seatbelt and/or safety restraint system.

10. Plaintiff had knowledge of the risks and potential hazards of injury in the event of an automobile accident and voluntarily assumed all risks of injury ordinarily incident thereto.

11. The accident, injuries, and/or damages in question were proximately caused by misuse of the 1991 Chevrolet Caprice, or by intervening culpable acts of persons or entities other

than General Motors Corporation. These persons or entities include, but are not limited to, the Plaintiff herself, Lee Ancell, and/or Kirk Rao.

12. Plaintiff failed to mitigate her damages, if any.

13. The subject 1991 Chevrolet Caprice automobile was manufactured, designed, and tested in accordance with the state of the art at the time of its manufacture, design, and testing.

14. The 1991 Chevrolet Caprice automobile complied with all applicable Federal Motor Vehicle Safety Standards at the time that it was designed, manufactured, tested, and assembled.

15. Plaintiff had knowledge of all risks by reason of the manner in which the subject vehicle was being maintained, serviced, and/or operated and voluntarily assumed all risks of injury ordinarily incident thereto.

16. If any defect existed in the 1991 Chevrolet Caprice automobile, which this Defendant denies, then the condition of the vehicle and/or its component parts or systems was not the same as when it left the possession, custody, or control of General Motors Corporation, substantial changes or alterations having been made thereto; such changes or alterations were the proximate cause of any defective condition existing in the motor vehicle and/or component parts, if any, thus barring or proportionately reducing all claims for damages against this Defendant.

17. Plaintiffs' damages were the result of superceding and/or intervening culpable acts of persons or entities other than General Motors Corporation. These persons or entities include, but are not limited to, the Plaintiff herself, Lee Ancell, and/or Kirk Rao.

18. At the time and place complained of, or prior thereto, a person or persons known or unknown and not operating under the control or consent of General Motors Corporation carelessly and/or negligently serviced and/or maintained the subject vehicle and/or its component

parts and that such negligence by this other unknown party was the sole and proximate cause of the accident, injuries, and/or damages complained of which bars or proportionately reduces all claims for damages against this Defendant. These persons or entities include, but are not limited to, the Plaintiff herself and Lee Ancell.

19. Plaintiffs failed to satisfy the Florida No-fault threshold requirement which is a prerequisite to maintaining this action.

20. Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution.

21. General Motors is entitled to a setoff for all sums of money recovered by or on behalf of the Plaintiffs by way of any settlement, judgment, or otherwise which were entered into or received by the Plaintiffs from any party or non-party to this action.

22. General Motors Corporation is entitled to a setoff from any recovery against it to the extent of all Personal Injury Protection benefits paid, or payable, to or on behalf of the Plaintiffs.

23. General Motors in entitled to setoff from any recovery against it to the extent of all benefits paid or payable to or on behalf of the Plaintiffs from any and all collateral sources.

24. Plaintiffs are guilty of spoliation of evidence.

## DEMAND FOR JURY TRIAL

General Motors Corporation hereby demands trial by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail

to **MARK P. BOCKSTEIN, ESQUIRE.**, 8751 West Broward Boulevard, Suite 305, Plantation, FL 33324, this 23rd day of February, 2000.

_____
ERNEST H. EUBANKS, JR., ESQUIRE
Florida Bar No. 0612091
RUMBERGER, KIRK & CALDWELL
A Professional Association
Post Office Box 1873
Orlando, Florida 32802-1873
(407) 872-7300
(407) 841-2133 (fax)
Attorneys for General Motors Corporation

562050