**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 00-06029 CIV-FERGUSON**
**MAGISTRATE JUDGE SNOW**

**JOAN REICH-ANCELL AND**
**LEE ANCELL, her husband,**

        **Plaintiffs,**

vs.

**GENERAL MOTORS CORPORATION,**
**a Delaware corporation,**

        **Defendant.**

_____/



## JOINT STATUS REPORT

    Pursuant to Notice of Status Conference pursuant to Local Rule 16.1 (B)(7) signed by this Court on March 27th. 2000, Plaintiffs. **JOAN REICH-ANCELL and LEE ANCELL,** and Defendant, **GENERAL MOTORS CORPORATION,** hereby file their Joint Status Report as follows:

### ONE:  NATURE OF ACTION AGAINST DEFENDANT

    This is a product liability action against Defendant arising out of a two-car collision which occurred on April 3, 1999, injuring Plaintiff, **JOAN REICH-ANCELL,** allegedly as a result of a defective air bag which deployed improperly in a 1991 Chevrolet Caprice, in which vehicle she was a passenger at that time.  There is no counterclaim, crossclaim or third party claim.  Damages are in excess of Seventy-five thousand Dollars ($75,000.00). Plaintiffs have asserted 2 different claims against Defendant, which are as follows:

    COUNT ONE:  STRICT LIABILITY OF DEFENDANT; AND

    COUNT TWO:  ALLEGED NEGLIGENCE OF DEFENDANT.



## TWO:  STATEMENT OF UNCONTESTED FACTS
## REQUIRING NO PROOF AT TRIAL

A.      Plaintiffs, **JOAN REICH-ANCELL and LEE ANCELL** are citizens of Broward County, State of Florida;

B.      Defendant, **GENERAL MOTORS CORPORATION,** is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Michigan;

C.      **GENERAL MOTORS CORPORATION** assembled in final form and placed upon the market, manufactured in part and distributed the 1991 Chevrolet Caprice, that was involved in an accident on April 3, 1999;

D.      Counsel will stipulate as to the authenticity of all records (vehicle maintenance, employment, medical and income tax previously subpoenaed or produced by either party in lieu of testimony of the various records custodians at trial).  However, each party reserves all objections to the admissibility of such records; and

E.      The subject vehicle is no longer available as evidence in the same condition it was in immediately after the accident.

## THREE: ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL

A.      Whether Defendant, **GENERAL MOTORS CORPORATION,** is strictly liable to Plaintiffs in distributing the 1991 Chevrolet Caprice in an allegedly defective and dangerous condition (was the air bag in said automobile, defective and unreasonably dangerous);

B.      Whether the subject 1991 Chevrolet Caprice, was in substantially the same condition on the date of the accident as when it left **GENERAL MOTORS CORPORATION'S** possession, care, custody and control and was placed in the stream of commerce; and whether it was defective and unreasonably dangerous due to the air bag restraint system in that the air bag did not deploy correctly;

C.    Whether the Defendant, **GENERAL MOTORS CORPORATION,** failed to inspect, modify and test the air bag restraint system in the subject 1991 Chevrolet Caprice so that the air bag system would have worked properly;

D.    Whether Plaintiff, **JOAN REICH-ANCELL'S** injuries were a direct and proximate result of the alleged negligence of the Defendant, **GENERAL MOTORS CORPORATION;**

E.    Whether Plaintiffs' damages were caused by a thirty party other than Defendant, **GENERAL MOTORS CORPORATION;**

F.    Whether Plaintiff, **JOAN REICH-ANCELL,** suffered permanent injury and, if so, the extent of her damages;

G.    Whether Plaintiff was negligent or comparatively negligent and failed to act as a reasonably prudent person under like circumstances;

H.    Whether Defendant, **GENERAL MOTORS CORPORATION** is entitled to a setoff from any recovery against it to the extent of the value of the benefits received by, or paid on behalf of, Plaintiffs from any collateral source; and, if so, the amount of same; and

I.    Any and all facts raised by the issues in the Plaintiffs' Complaint and Defendant's Affirmative Defenses.

## FOUR:  THERE ARE NO PENDING MOTIONS

## FIVE:  PROGRESS OF DISCOVERY OF THE CASE IS SET FORTH IN THE SCHEDULING REPORT OF SCHEDULING MEETING THAT THE PARTIES HAVE AGREED TO, ATTACHED HERETO AS EXHIBIT A

Parties proposed at a Pre-Trial to be held on December 10, 2000; parties proposed that the trial be held on or after January 30, 2001.

## SIX:  PROJECTED TIME NECESSARY FOR TRIAL:  SIX (6) DAYS

## SEVEN:  WHETHER PLAINTIFFS ARE GUILTY OF SPOLIATION OF EVIDENCE

## EIGHT:  THERE DOES NOT LOOK LIKE THERE IS ANY POTENTIAL SETTLEMENT IN THIS MATTER

## NINE:

A.    The parties will not elect to proceed before a Magistrate Judge; and

B.    There are no unique issues that should be referred to a Special Magistrate or

Magistrate Judge.

## TEN:  NO OTHER MATTERS THAT MAY AID THE COURT IN THE FAIR AND EXPEDITIOUS ADMINISTRATION AND DISPOSITION OF THIS ACTION

Date:  April 4, 2000

**ERNEST H. EUBANKS, JR., ESQ.**
Florida Bar No. 0612091
**MICHAEL D. BEGEY, ESQ.**
Florida Bar No. 0120928
Rumberger, Kirk & Caldwell, P.A.
Signature Plaza, Suite 300
201 South Orange Avenue   (32801)
P.O. Box 1873
Orlando, FL 32802-1873
Attorneys for Defendant, General
Motors Corporation

Date:  4 - 4 - 2000

**MARK P. BOCKSTEIN, ESQ.**
Florida Bar No. 291791
8751 West Broward Blvd. #305
Plantation, FL 33324
Attorney for Plaintiffs